Lock's locked Lets get out of this place  Next case is number 06193, radio electronics against pulse engineering, Mr. Leach Thank you I'd like to turn first to the word turn which is the issue on which this appeal principally turns and look again at the courts construction of that term as always implying some kind of unity of structure, a thing itself changes direction, Riegel of course disagrees and argues that the intersection or junction between two things can form what can be described as a turn and I would like to add a couple of additional dictionary references at this point and refer to these so to complete the record as far as common sense definitions of the word turn I would like to refer the court to first the Oxford English Dictionary which is available for free online at www.askoxford.com under the definitions of turn used as a noun the third example given is a place where a road meets or branches off another below there was a lot of discussion about whether one road meeting another road at an intersection could constitute a turn the district court felt that it wasn't a turn unless the one road itself changed direction so I think there's a discord between the district courts construction and the editors of the Oxford English Dictionary the next reference I'd like to make is to the Imparta Dictionary which is a Microsoft publication available let me just interrupt you at this point I don't accept the definition you've just given us is this is the relevance of turn and the argument you just made is this well is this relevant to the vitiation in this case secondarily primarily in terms of literal infringement if the word turn refers to the right angle that is visible between the contact wires and the point at which the the wires intersect the vertical plane of the plastic block and I think at this point it page 443 of the Joint Appendix shows the figures of the patent with little angles circled there's two possible right angles that could be designated by the word turn one is the point at which the and the next the upper figures on this page designate the first turn which I'll call the intersection turn and the lower figures designate what appears to be a bend in the wires so this is relevant if we don't think that soldering a wire is a right angle is it true? only secondarily your honor because as a matter of literal infringement we don't need to look to the doctrine of equivalence and we don't need to look to whether there's an angle a right angle that can be constructed of two wires because the angle at issue is not any angle in the wires it's an angle form between the wires and the block two different absolutely I believe so but before I get there I would like to address one other element of that analysis which is the doc which is the prosecution history and this plays in a little bit to your question I think the original claim application provided for a plurality of wires that was so supported past a right angle turn by a plastic block if you look at the picture you can see the right angle I'm talking about the intersection angle there's a plurality of wires there's where it enters the block at this intersection angle past that intersection angle there is support for the wires in the block so to say the wires are supported past a right angle by a vertically oriented plastic block makes sense only with respect to the intersection angle which by the way the court also ruled is a limitation of the invention the district court and regal agreed this intersection angle has to be a right but let's look at the original claim language risk with respect to the second angle the wire bend angle is support provided past the bend in the wires if we look at this lower picture we see that no support is provided well and advanced of that running over under to the side above below beneath all around that bend in the wire there's support another another point is looking at the spirit and description of what the invention will be in the specification it would be clear to one skilled in the art that only one of these angles matters and that's the intersection now to address just cross question about whether we are left with a doctrine of equivalence argument even if judge wears construction of turn were I think absolutely yes and that is because we did not disclaim for purposes of the all limitations rule a right angle that could be composed of two different structures that was the courts two different wires but how can if a wire is coming up this way and the wires coming this way and the right angles weren't here that's what we're talking about how can neither one of those wires is turning right well that's true but now we're using turn as a verb again and I think the patent is clearly using the term the term turn as a noun to describe a shape it is a shape it's the shape of the insert assembly the insert assembly is defined in the specification as a an assembly of a plurality of wires which includes a plastic block so you're saying that because the plain language is by a right angle turn that doesn't mean that any particular wire has to engage in that single wire has to the word by and in by a right angle turn has been construed as near so we're looking by the court and that that nobody's disagreed with that construction on this appeal and it makes sense your honor because the first the original plain language said past you know support was provided past a right angle turn the word past was dropped and another preposition by was added and there's a good reason for that which I can explain if the court is interested in fact I would like to do that because we look at them before you get to that I just see if I understand is your equivalence argument and the fact that your argument here are you not that vitiation is not compelled or required or proper you're saying that no claim term is vitiated I am saying that precisely because because well because even if two wires are used and neither one of them actually covers the right angle it's still an equivalent and it doesn't vitiate any kind of term or right angle turn not not at all your honor I think that if you're talking about plumbing and you take you know I well I'm not sure that was it was proper to agree or disagree but let me explain where I'm coming from I don't think that because neither wire contains a bend that there is no right angle nevertheless a right angle can be formed of two things put together and to call that shape that right angle shape a turn is understandable in English according to the Oxford English Dictionary the intersection of two streets can be described as a turn also the imparted dictionary uses the word junction as a synonym for turn and the example they give is the third turn on your left exactly the example Regal has used so if we look at the word right angle turn and say what is that what it really is and if you look at one of these connectors you see that the whole insert assembly together the wires the block the components that is all what is referred to as the molded insert and so when the patentee described the shape of this assembly as having a right angle turn it's the turn between the wires and the vertical face of the block we can see that by looking at the prosecution history looking at what what could pass possibly mean in connection with some bend in the wire we can see that by looking at the purpose of the invention what purpose does a right angle bend in the wire have in the context of this invention none it could have a curve it could have a spiral it could loop twice or it could simply go straight and attached to the signal conditioning but in construing the language of the claim that the construction that most naturally aligns with the patents description of what the invention will be is always the correct construction and I think that the fact that turn has a sensical meaning designated intersection and the fact that the prosecution history supports Regal's contention and the fact that the purpose of the invention which would be clear to one skilled in the art also supports Regal's contention is substantial evidence that the real turn in question is the first turn the turn between the wires and the block yes I think at this point if I think mr. Lee is mixing apples and oranges here we're talking first about claim construction and what the proper terminology or construction for term is if this court upholds the lower courts construction of term then we move to the arguments that mr. Lee's posing today is going back and forth between both of those issues talking about a horizontal wire making the right with a vertical wire presumes that the court is going to uphold the district courts decision that is in the wire that whether you have one wire that bends or two wires that are the claim language provides that the that the right angle turn is in the plurality of wires the court has construed plurality of wires to be the horizontal wires extending across the top of the connector that actually make contact with the plug the second wire that mr. lead is referring to the vertical wire is part of the signal conditioning part that's a totally different element in the claim the right angle turn must be in the plurality of wires which are horizontal which pass from the rear of the connector horizontally through the housing to the front it might be water but it would then vitiate in the case that the court upholds the courts of over the lower courts construction of term and the term does it doesn't mean then a turn in the plurality of wires then we have a vitiation situation which I think the law is that it might it's it's vitiating the right angle turn in the plurality of wires if the court finds an equivalent to exist in a straight wire which is what we're talking about mr. Lee is saying that the equivalent will exist with a straight wire since it's connected to the signal conditioning part and it accomplishes the right angle turn then the public who is reading this claim and sees that there has to be some sort of turn in the horizontal wire will be misled because then an equivalent will replace a straight wire with a wire that has a right angle bend in the plurality of wires only in the horizontal wire so obviously I'm not going to argue that you're going to get a flow of electrons down in a right angle if you connect two wires together but the claim provides that there is a plurality of wires forming part of a contact spring assembly that there is a signal conditioning part that's connected to those wires and then terminals connected to the signal conditioning part if we start combining the signal conditioning part with the horizontal wire to get a right angle turn in the horizontal wire not only are you vitiating the requirement for some sort of turn in the horizontal wire but you're also violating the all elements rule. If it's equivalent, it's not vitiated. If you have two wires soldered together with right angles, then you are vitiating the wire with a right angle turn. You may or may not have an equivalent based on the rules of equivalency. I can't say that anything is vitiated. Whether it's an equivalent or not, Your Honor, is not reached in our case because it vitiates the element. We have three elements in the claim of the patent suit. We have the horizontal plurality of wires, we've got a signal conditioning element, and we've got terminals. We have four elements, a bend in the horizontal wire, signal conditioning, and terminals. Now if we say, okay, forget, just take the bend out and connect the signal conditioning part, we are left with three elements. We're not replacing an element of the claim with something else. We're just totally eliminating that express recitation. Does defending the judgment on which you prevail depend on our agreeing with this theory of initiation that you've just given us? Yes, it does. It depends on your affirming the lower court's definition of term. It depends upon you agreeing with the lower court that there's no literal infringement, and it depends upon your agreement with the lower court that there's no infringement under the doctrine of equivalence. Let me ask, hypothetically, if we- We have a- Can I ask, just to interrupt for a moment? I'm sorry. If we were to disagree with you and with the district court just on the issue of vitiation, and there was summary judgment on vitiation, is it still your position that we should therefore remand? I mean, has the other side alleged that there's a function, because there's still arguably a function by result analysis. Yes. Has that already been alleged and pleaded? Well, we have to be remanded. We don't believe that there is sufficient evidence in the record to substantiate a doctrine of equivalence argument at this point. So you could- But we have not rebutted it. We have offered the vitiation argument, but we have not spoken directly towards the doctrine of equivalence argument. So that would still be a lot to be handled either on summary judgment or with a trial? Yes. But that should not be reached, Your Honor. We are taking a four-element claim, making it into three elements. We're ignoring an express limitation in that claim. It's a binary situation, like you have in several vitiating cases, where a wire is either straight or it has a bend. If you're going to say that a wire that's claimed as having a bend is met by structure where that wire does not have a bend, you are vitiating that claim on it. The entire doctrine of equivalence argument also depends upon borrowing the components of the signal conditioning part to make the right angle turn. This is a violation of the all elements rule. If you take that wire, the vertical wire, which is just a winding on a transformer, it has nothing to do with the contact, and you say, OK, this is part of the plurality of wires of the contact spring assembly, you're left with toad whites that don't do signal conditioning because the wire is being borrowed to fulfill the doctrine of equivalence argument. So you cannot borrow an element from a separately defined element in the claim to vitiate an express claim limitation. Is that one of the basic components of what we're just going to work with? Oh, absolutely. Yes, if we take the wire, the vertical wire, and say that that makes a right angle turn with the plurality of wires, we're left with no signal conditioning part because that wire is a transformer wire. Wouldn't you say that that function would no longer be important? Absolutely not. Because of what? Because of differences between the two wires that are starting to bend? Well, if you eliminate the wire from the transformer, then the transformer is not going to act. Now, if you're just saying, OK, we'll connect it to the horizontal wire with the toad white, that in fact is what the accused product does, it obviously works. But it totally vitiates the right angle turned element. There is an extra angle in there. Whether it's meaningful or not meaningful, there's an extra angle recited in that patent. And in order to ignore that extra angle is a clear case of vitiation, even if it still works. Now, let me talk about the direct infringement case. Although, do you have any questions on the direct infringement aspect? Let me talk about the term. We didn't see the new definitions of term. It would be helpful if you summarized whatever premises there are on which you might support the district court's judgment. Of term? Yes. The only objective evidence in the record were dictionary definitions which required the term to be in a unitary object. The dictionary definition offered by Mr. Lee today is sort of different in that it talks about roads on which cars make turns intersecting roads. But I don't think that definition applies to a wire, a straight wire intersecting a block. Now, if you can say, you can say perhaps that a road intersecting another road might define a turn that a car can make. But if you're going to say that a wire that extends perpendicularly to the side of a solid block constitutes a turn, that is not supported by the record. There's a separate claim limitation for that angle. And that is that the plastic block is vertically oriented with respect to the plurality of wires. And that element has been already defined as defining a right angle between the wires and the plastic block. What Regal is saying here is that the right angle turn refers to exactly the same angle as the vertically oriented limitation refers to. And that is not the case. There are two separate angles being claimed in this patent. And the public is entitled to rule on that, Your Honor. Unless you have any other questions, I can talk about our own cross-appeal. Any questions? You can tell us anything you want in the remaining time, or you may rest on the briefs. Thank you. As far as the cross-appeal goes. In the cross-appeal, you're arguing for just an alternative. Definition of a block. And why do you think that's a proper cross-appeal if you're just asking for an alternative claim construction to affirm the same verdict? Do you think that's an appropriate cross-appeal? We believe it was an appropriate cross-appeal. The term plastic block, like contact spring assembly, and many other terms that are used in the claims, are not defined in the specification anywhere. The reader is left to look at the drawings and compare them to the specification. Why is it relevant? I couldn't tell because of the way this case reached us. Does this reflect actually on the structure of the accused device as to whether it's hollow or not? Yes. Is it hollow? Is it solid? The accused product has a, it's not a, you can call it a block. I don't want to admit it's a block, but it's a framework type of structure, not a block by any means. Is it with air inside or space or what? Yes. And why has it been on the outside, supported on the outside? There's an L-shaped structure. The contact wires, which is part of the contact spring assembly along with the L-shaped structure, are supported by the horizontal long arm of the L. Then at the end of the L, at the juncture of the downward facing arm of the L, the signal conditioning part is placed, and the wires of the transformer are connected to the contact wires of the contact spring assembly. There's no block that's there. One can imagine possibly that if you fill in the air around the signal conditioning part with walls that are extending up from a lower platform, that there might be some sort of block there. But the district courts claim construction didn't reach what happens on the inside. Did it judge us the straight walls on the outside? The district court's decision on the summary judgment? On block. On block. It was just a matter of claim construction, and we did not advise the court of the construction of the bill, of the abuse of product, I don't think. So it was just a question of us proposing that the construction should be a solid, not hollowed out block. Okay, so it really took the cross appeal to preserve whatever rights you might have on remand to raise the issue? That's right, Nora. Okay. The specification doesn't refer to block. It refers to a molded insert. It refers to a molded insert no less than 15 times. The drawings in the patent just show a cube in line drawing with the contacts somehow passing into the cube or block with a right angle turn at the end of the contacts with no visible means of support. Okay, I think that's it. We don't need to take the time we are out of time. Thank you. Thank you. I think we need to return to the claim language itself. Which says wherein the contact spring assembly includes a plastic block that supports the plurality of wires by meaning near a right angle turn and is vertically oriented with respect to the plurality of wires. For me, that's one angle. I don't see where there are two angles called for by that unless you believe, as the district court does, the word turn simply can't ever make any sense if it's referring to two different structures. So, in the court's analysis, I would like you to look back at the claim language and look out for the suggestion that this claim language itself designates a right angle bend in the plurality of wires. It doesn't. It simply designates a block supporting wires. Support is near a right angle turn. And there's also vertical orientation of the block with respect to the wires. That's all very supportive of Regal's position. Secondly, with respect to the vitiation issue, Regal was not given an opportunity to make its case under Wilson under a wave function result test and deserves that chance. Because the difference between a soldered wire that turns at a right angle where two wires form a turn by a solder connection between the two of them and one bent wire can be practically indistinguishable. A skilled artisan could probably manufacture one wire out of two that makes a bend that no one could even tell the difference between. So I think that really does deserve adjudication. If the court doesn't agree with Regal's turn analysis, at least we should have a shot at the doctrine of equivalence. Finally, well, almost finally, there was a statement made that Regal can't borrow the wire that comes off the top of the signal conditioning to form part of the right angle that we're talking about because that wire is a signal conditioning component. That is not technically true. The wire is just a wire. It doesn't perform any signal conditioning until it's wrapped around a toroid or coupled with some other structure. So whether you have a right angle which contains a contact wire and a wire that eventually comes down and winds onto a toroid doesn't matter. A wire is a wire is a wire. Two wires soldered together at a right angle can form a right angle turn. What we need to get back to is the idea that turn is not such a strong, it doesn't have such a strong implication of unitary structure that it constitutes a public disclaimer to the world. Hey, we said turn. That means the wire itself has to turn because only things themselves turn. That simply isn't true. That's not supported by common usage. It's not supported by the specification, and it is not the construction that most naturally aligns with the invention. Thank you. Thank you. Thank you, Mr. Askin. Thank you. Case is taken in resolution.